Weygandt, C. J.
In the opinion of the Court of Appeals appears the following reasoning:
“Perhaps the weakest element in the present petition is the use of the word ‘severe’ in describing the back injury. Defendant emphasizes this word as implying that plaintiff knew of an injury but did not consider it serious. But upon demurrer we must construe the pleading most favorably to the pleader. At most the word ‘severe’ is a conclusion subject to be stricken upon motion. But even if it might be considered upon demurrer we can not base upon it a mere conjecture detrimental to the pleader.
*530 “Defendant contends that there can be no relief for mutual mistake unless the mistake pertains to the instrument itself. The authorities do not support this narrow application. ’ ’
At the threshold of this discussion it is important to observe the narrow scope of the question presented. The petition contains no allegation of fraud, misrepresentation, duress or superior knowledge on the part of the releasee, or incapacity of the releasor to read and comprehend the language of the release. Reduced to its lowest terms, the plaintiff’s factual statement is that he was severely injured on December 18,1955, that approximately two and one half weeks later he signed a “full release of all claims, demands and causes of action on account of such injuries, ’ ’ and that the defendant paid him a certain sum of money therefor. The plaintiff then adds that neither he nor the defendant intended to say, as they did, that the release was for “all claims, demands and causes of action on account of such injuries.” Instead, the plaintiff alleges further that the release was not for all causes of action but for only part of them, namely, those for property damage — a thing they concededly did not say.
In the absence of fraud, misrepresentation, duress or superior knowledge on the part of a releasee, and in the absence of incapacity of the releasor to read and comprehend the language of a release, how far should courts go in allowing a party thereto to avoid the obvious meaning of the simple clear language he admittedly used? The plaintiff now asserts that, instead of releasing all claims, he intended to release only those for property damage. If he should be sustained in this contention, could he later be heard to claim also that he did not intend to release all claims for even property damage? If this sort of conduct is to be sanctioned by the courts, what becomes of the fundamental principles of law that courts favor the voluntary settlement of disputes, and that responsible persons are held to intend the meaning of unambiguous language to which they knowingly affix their signatures? To condone this plaintiff’s conduct would seem to reduce the value of a legitimate release to the vanishing point by encouraging individuals to sign the document with the feeling that it can be nullified at will and without regard to the failure of a signer to exercise any care in his own behalf.
*531 In 48 American Law Reports, Annotated, 1464, appears the following helpful summary of the case law on the subject of mutual mistake in the execution of releases relating to personal injury claims:
“There are numerous cases supporting the doctrine that a release of a claim for personal injuries can not be avoided on the ground of mistake, merely because the injuries prove more serious than the releasor at the time of executing the release believed them to be.
‘ ‘ The question in each case is whether the minds of the parties met upon the understanding that the payment and acceptance of the consideration were in full settlement of the releasee’s liability; if they did, without fraud or unfair conduct on either side, the contract must stand, although subsequent events may show that one of the parties made a bad bargain because of a wrong estimate of the damages that would accrue. And the release will not be set aside merely because the injury proves permanent instead of temporary, the rule applying that where parties have knowingly and purposely made an agreement to compromise and settle a doubtful claim, whose character and extent is necessarily conditioned by future contingent events, it is no ground for avoidance of the contract that the events happened differently from the expectation, opinion, or belief of one or both of the parties. ’ ’
Similar subsequent annotations appear in 115 American Law Reports, Annotated, 425, and volume 117, page 1009.
Hence, it is the view of this court that, under the narrow circumstances alleged, the Court of Common Pleas was not in error in sustaining the defendant’s demurrer to the plaintiff’s petition. The judgment of the Court of Appeals is reversed and that of the trial court is affirmed.

Judgment reversed.

Taft, Bell, Herbert and Peck, JJ., concur.
Zimmerman and Matthias, J J., dissent.